UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VERNON STANCUNA,
    *Plaintiff*,
    *v.*
CHRISTOPHER IOVENE,
    *Defendant.*

Civil No. 3:08cv0030 (JBA)

April 7th, 2016

**RULING GRANTING PLAINTIFF'S MOTION TO OPEN STAY
AND DENYING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Vernon Stancuna moves [Doc. ## 42, 47] to open the administrative stay in his § 1983 Fourth Amendment false arrest case against Defendant Christopher J. Iovene, which the Court had removed from the active docket [Doc. # 16] on November 7, 2008, while Plaintiff's underlying state criminal case proceeded, with the parties having the right to have the case restored to the active docket "if exercised by motion *filed no later than 45 days following adjudication of plaintiff's criminal trial.*" (*Id.* at 1 (emphasis added).) Unbeknownst to either counsel or Plaintiff, the criminal case was nolled on September 25, 2014. [Doc. # 45.] Mr. Stancuna filed this motion on February 8, 2016, within 45 days of "first learning that the underlying motor vehicle infraction [cellphone violation] was no longer pending in Meriden Superior Court, having been dismissed in the plaintiff's favor" (Supp. Mot. Open Stay at 1), but more than 45 days after the nolle was entered.

Defendant Iovene objects to reopening Plaintiff's case because of Plaintiff's claimed failure "to be diligent in making himself aware of the status of his criminal charges by checking the court docket regularly" (Def.'s Opp'n to Pl.'s Mot. Open Stay [Doc. # 48] at 2), and moves [Doc. # 46] to dismiss Plaintiff's complaint pursuant to

Federal Rule of Civil Procedure 41(b) which provides that "[i]f the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."

For the following reasons, Plaintiff's motion to reopen his case is granted and Defendant's motion to dismiss is denied.

I. **Discussion**

Mr. Stancuna claims that the doctrine of equitable tolling excuses his ability to act within the Court's 45 day timeframe for filing a motion to restore the case to an active docket. The Court agrees.

The Second Circuit has applied the doctrine of equitable tolling "as a matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his rights." *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996) (internal quotation marks and citations omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Mottahedeh v. United States*, 794 F.3d 347, 352 (2d Cir. 2015).

The record reflects that the Connecticut Judicial Branch assigned a trial date of December 31, 2020. (Pending Case Detail to Supp. Mot. Open Stay at 4.) Plaintiff represents that at no time did he expect the "prosecutor or clerk to nolle the case" prior to that date (Pl.'s Obj. Def.'s Mot. Dismiss [Doc. # 50] at 1), and that his state case was

2

nolled[1] without his knowledge nor any hearing or notice to him or his counsel (Stancuna Aff. to Supp. Mot. Open Stay at 5; Response to Court Order # 44 [Doc. # 45] at 1–2 ). Defendant offers no evidence to the contrary in the form of notification of the September 25, 2014 or mandatory erasure at the end of October 2015. *See* Conn. Gen. Stat. § 54–142(a).

Therefore, in light of Plaintiff's un-rebutted explanation for the timing of his compliance with the Court's order, Mr. Stancuna's prompt action after learning of the disposition of his case by "happenstance," when he reviewed the judicial criminal docket online, and in the interest of justice, Mr. Stancuna's motion to reopen his case will be granted.

---

[1] Under Connecticut law, a "nolle" is "a unilateral act by a prosecutor, which ends the 'pending proceedings without an acquittal and without placing the defendant in jeopardy," unlike a dismissal, which "is an act of court." *Cislo v. City of Shelton*, 240 Conn. 590, 599 n. 9 (Conn. 1997) (quoting *State v. Lloyd*, 185 Conn. 199, 201 (Conn. 1981)). The entry of a nolle followed by the lapse of the statutory period of thirteen months results in the mandatory erasure of the pertinent records, *see* Conn. Gen. Stat. § 54–142a, which likely explains defense counsel's representation that when he called G.A.7, he was told that there was "no public record" in Mr. Stancuna's state case.

## II.     Conclusion

For the foregoing reasons, Mr. Stancuna motion to reopen the stay [Doc. ## 42, 47] is GRANTED and Defendant's motion [Doc. # 46] to dismiss is DENIED. The clerk is requested to restore this case to the active docket. The parties shall file a supplemental 26f report so a new schedule can be set.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 7th day of April 2016.